##### IN THE

## *SUPREME COURT OF JUDICATURE*

##### OF THE

## STATE OF NEW-YORK,

#### IN NOVEMBER TERM, IN THE THIRTY-THIRD YEAR
#### OF OUR INDEPENDENCE.

---

### Jackson, *ex dem.* Reiley and others, *against* Livingston.

**THIS** was an action of *ejectment*, for a part of lot no. 3. in the town of *Hector*, in the county of *Seneca*. The cause was tried at the *Seneca* circuit, on the 23d *June*, 1807, before Mr. Justice *Tompkins*.

At the trial, the lessors of the plaintiff produced the book of awards made by the commissioners, appointed to settle disputes concerning titles to land in the county of *Onondaga*, and which had been duly filed in the office of the clerk of the county of *Cayuga*, pursuant to the directions of the act. By this it appeared that the commis-

If a party conceiving himself aggrieved by the award of the *Onondaga* commissioners has given them notice of his dissent, within two years, that is sufficient to prevent his being concluded by the award, whether or not. What commissioners have entered such dissent in their book of awards, or not. What amounts to such notice is a fact for the jury to decide.

NEW-YORK,
Nov. 1808.

Jackson
v.
Livingston.

sioners awarded the lot in question to *John Lawrence*, one of the lessors of the plaintiff, in fee, on the 12th *March*, 1801 ; and their award was duly entered under their hands and seals in their book.

The defendant offered in evidence a *dissent* in writing of *Birdsey Norton* to the award of the commissioners, made the 28th day of *August*, 1802, on which was indorsed " filed *October* 1st, 1802 ;" and the clerk of *Cayuga*, who produced the paper, testified that he found it on the files when he came into office, in *January*, 1804, when the papers were delivered to him by the former clerk ; that there were two bundles of dissents on file in the office, one of which was deposited by the clerk of the commissioners, and a note of the time of their being received was entered in the book of awards, which he had compared and found to be correct ; the other bundle of dissents was received by him from his predecessor in office, and no note or entry of them was made in the book of awards.

*Vincent Matthews*, esq. one of the commissioners, testified, that an indorsement on the paper containing the dissent of *Norton*, in the words following, " *Birdsey Norton's* dissent from an award of lot no. 3. in *Hector*, 28th *August*, 1802," was in the hand-writing of *James Emott*, esq. the other commissioner ; that all the dissents received by the commissioners were retained by them until they filed the book of their awards, and were all entered in the book of awards, and delivered with the book to the clerks of the counties of *Cayuga* and *Onondaga* respectively.

It further appeared, that there was no entry or note of any dissent from the award of lot no. 3. in question, in the book of awards.(*a*)

The counsel for the plaintiff objected to the writing or paper containing the dissent of *Norton*, being read in evidence ; and it was rejected by the judge. The defendant then offered to prove that *Norton*, at the time of the

(*a*) See 3d section of the act, passed 24th *March*, 1797, 20 sess. ch. 51. (*Greenleaf's* edition of the laws, v. 3. p. 425.)

award of the commissioners, was in possession of the premises in question, and to deduce a regular title and continued possession from the first patentee to himself; but this evidence being objected to, was excluded by the judge; and the jury, under his direction, found a verdict for the plaintiff.

The defendant moved for a new trial,

1. Because the evidence of the dissent ought to have been admitted.

2. Because the evidence of the title offered by the defendant ought not to have been rejected.

*E. Williams*, for the defendant. The lessors of the plaintiff found their claim on the award of the commissioners, and have shown no other title; but the defendant, having entered his dissent, and regularly filed it with the commissioners, cannot be bound by their award. The act provides, that any person conceiving himself aggrieved by the award of the commissioners, may, within two years, give notice to the commissioners of his dissent from the same, or file such dissent in the office of the clerk of the county of *Onondaga.* When the county of *Onondaga* was afterwards subdivided, and a part thereof erected into a new county, by the name of *Cayuga*, it was the practice to file the dissents in the office of the county in which the lands were situated. It was enough that notice of this dissent was given to the commissioners, within the time prescribed, and whether they entered it in their book or not, the omission cannot prejudice the defendant, who has complied with all the directions of the act. As the defendant was in possession at the time, it was the duty of the plaintiff to bring his action within three years, though the award was in his favour.

*Mumford*, contra. The only question is, whether the defendant has filed his dissent agreeably to the directions of the act, for the party in whose favour the award is made is not bound to bring an action unless a dissent has been filed. The act expressly directs that it must be filed

in the county of *Onondaga*. It cannot be filed elsewhere. Though there is an indorsement in the hand-writing of one of the commissioners, yet he has not marked it, as filed with him ; nor does it follow that notice was in fact given to the commissioners according to the act.

VAN NESS, J. delivered the opinion of the court. The evidence of the dissent of *B. Norton* from the decision of the commissioners, offered at the trial, ought to have been admitted. Whether the dissent mentioned in the case, was delivered to the commissioners or not, was a matter of fact proper to be left to the jury ; and it is agreed that if it was delivered to them, the title to the lot in question is now open to investigation. The party dissenting is required to give notice thereof to the commissioners, or to file his dissent in the office of the clerk of the county of *Onondaga ;* and in case he adopts the former course, the commissioners are required to make an entry of it in their book of awards. If such notice has been given to the commissioners and they have not made the proper entry, the party ought not to be prejudiced by their omission. He was not to see that the entry was made, and his rights cannot be impaired by the non-performance of an act by a third person over whom he had no controul, and which act he was under no obligation to see executed. The dissent in question was filed in the clerk's office of *Cayuga* as a public document ; the indorsement on it was in the hand-writing of one of the commissioners, and must, therefore, have been in his possession, and the contents of it known to him. These facts uncontradicted and unexplained, afford strong evidence of a notice to the commissioners, by *Norton*, of his dissent from their decision. To avoid this conclusion, the plaintiff relies on the testimony of Mr. *Matthews*, one of the commissioners, who says, that all the dissents delivered to them, were entered in the book of awards. This must, however, be understood, as the witness probably intended it should be, with some limitation. He is speaking of a transaction, all the details of which could not be perfectly in his re-

collection. The most that can be made of his testimony is, that it was the general practice with the commissioners to make an entry of the dissents delivered to them; but that in some cases there may have been omissions. Thus explained, it would not materially affect the testimony on the other side. It has been contended, that after the county of *Cayuga* was erected, this dissent might be filed in the clerk's office of that county, but it is not requisite that we should now express any opinion on that point.

<div style="text-align:right">NEW-YORK,<br>Nov. 1808.<br><br>Jackson<br>v.<br>Brown.</div>

The Court are of opinion, that upon the first ground, there ought to be a new trial, with costs to abide the event of the suit.

<div style="text-align:center">New trial granted.</div>